UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **U.S. BANK, N.A. as Trustee for RASC SERIES 2005 EMX4 TRUST,**<br><br>                              **Plaintiff,**<br>v.<br><br>**PAUL VERITY, et al.,**<br><br>                              **Defendants.**<br><br>**PAUL VERITY,**<br><br>                              **Counter-claimant,**<br>v.<br><br>**U.S. BANK, N.A. as Trustee for RASC SERIES 2005 EMX4 TRUST, WELLS FARGO BANK, N.A. dba AMERICA'S SERVICING COMPANY,**<br><br>                              **Counter-Defendants.** | Civil Action No. 14-2513 (WJM)<br><br><br><br><br><br>**REPORT & RECOMMENDATION** |

**Falk, U.S.M.J.**

      Before the Court is Plaintiff's motion to remand this case to state court. [CM/ECF No. 20.] The motion is opposed. The Honorable William J. Martini, U.S.D.J. has referred the motion to the Undersigned. The Court decides it on the papers. Fed.R.Civ.P. 78. For the reasons discussed below, it is respectfully recommended that Plaintiff's motion to remand be **granted**.

## BACKGROUND

This is a foreclosure action.  Plaintiff U.S. Bank National Association[1] ("U.S. Bank" or "Plaintiff") owns and holds a mortgage[2] executed by Defendants Paul Verity and his wife Jennifer Verity ("Borrowers") secured by property located at 139 Lincoln Street, Montclair, New Jersey ("property").  (Compl. ¶ 3.)  The Borrowers failed to make an installment payment due under the terms of the mortgage, as well as all payments becoming due thereafter.  (Compl. ¶ 7.)

On April 14, 2014, U.S. Bank filed its foreclosure Complaint in the Superior Court of New Jersey against the Borrowers and two lien holders on the property, the State of New Jersey ("State") and Midland Funding, LLC ("Midland Funding").  (Certification of Barbara K. Hager, ¶ 1.)  The Borrowers removed the action to this Court on April 18, 2014, pursuant to U.S.C. §§ 1332, 1441, and 1446 on grounds of diversity jurisdiction.  The Notice of Removal stated that the Court has diversity jurisdiction because Plaintiff is

---

[1] Plaintiff is U.S. Bank National Association as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2005-EMX4.

[2] The facts underlying the financial transaction are complicated, although not relevant to the jurisdictional question before the Court.  Nevertheless, an abridged version is set forth for clarity.  According to Plaintiff, on July 28, 2005, Paul Verity executed a note in the sum of $370,000.00 to Mortgage Lenders Network USA, Inc. (Compl. ¶ 1.)  To insure payment of the obligation, the Borrowers executed a mortgage secured by property located in Montclair, New Jersey. (Compl. ¶ 3.)  The mortgage was modified by a mortgage modification agreement between Wells Fargo Bank, N.A., now a counter-defendant in this suit, and the Borrowers. (Compl. ¶ 2.)  According to Plaintiff, the Borrowers failed to make the installment payment due on February 1, 2009, as well as all payments due thereafter.  (Compl. ¶ 7.)

a citizen of South Dakota,[3] defendants Borrowers and the State are citizens of New Jersey, and defendant Midland is a citizen of California. (Notice of Removal, at 3.)[4] On April 18, 2014, Borrowers filed an Answer and Counterclaim, adding Wells Fargo Bank, N.A. ("Wells Fargo") as a counter-defendant, and asserting a counterclaim for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*. On July 14, 2014, U.S. Bank and Wells Fargo filed an Answer to the Counterclaim. On August 4, 2014, default was entered against the State and Midland Funding.

On October 9, 2014, U.S. Bank filed a motion to remand arguing, *inter alia*, that the parties are not completely diverse. U.S. Bank maintains that the State is a non-citizen for diversity analysis, and having one party with no citizenship destroys diversity even among otherwise diverse parties. The Borrowers oppose the motion arguing that diversity exists because: (1) the State is in default and therefore is no longer a party to the action; (2) the State is a nominal party because its tax lien on the property is relatively small, and likely would be satisfied prior to the disposition of the remand motion, and (3) the Borrowers' FDCPA counterclaim is a basis for federal question jurisdiction.

---

[3]The Borrowers' opposition brief identifies Plaintiff as a "New York securitized trust acting through its California-based master servicer." (Def.'s Br. 4). Although this statement conflicts with Borrowers' allegations of citizenship in their Notice of Removal, it has no bearing on the jurisdictional analysis on this motion to remand.

[4]The Notice of Removal also stated that the amount in controversy requirement of 28 U.S.C. § 1332 is satisfied. (Notice of Removal, at 4.)

## DISCUSSION

### A. Legal Standard

The federal removal statute provides that "[e]xcept as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).

Where diversity jurisdiction is grounds for removal under 28 U.S.C. § 1332, the removing party must demonstrate complete diversity between the parties. See Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 389 (1994) (stating that federal diversity jurisdiction is present "only if there is no plaintiff and no defendant who are citizens of the same state"). In actions removed on diversity grounds, "[d]iversity of citizenship must have existed at the time the complaint was filed and at the time of removal, and the burden is on the removing party to establish federal jurisdiction." Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013). Removal is strictly construed and all doubts are resolved in favor of remand. See Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

It is well-settled that "a State is not a 'citizen' for purposes of diversity jurisdiction." See Moor v. Alameda County, 411 U.S. 693, 717 (1973); Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996) (citing Ramada Inns, Inc. v. Rosemount Memorial Park Assoc., 598 F.2d 1303, 1306 (3d Cir. 1979)) ("[I]t is well settled that a state is not a citizen within the meaning of the diversity statute."). Having one defendant with no citizenship destroys diversity jurisdiction. See Online Express, Inc. v. Tri-State General Ins. Co., No. 13-1888, 2013 WL 1867053, *2 (D.N.J May 2, 2013).

**B. Analysis**

This case was improvidently removed. The presence of the State of New Jersey as a party destroys diversity. The fact that all other defendants in this case, except for the State, are diverse from U.S. Bank does not cure the jurisdictional defect. See Online Express, Inc., 2013 WL 1867053, at *2. Therefore, the presence of the State of New Jersey among the otherwise diverse defendants bars this matter from remaining in federal court on diversity jurisdiction.

The fact that the State is in default has no bearing on the jurisdictional question before the Court. The State remains a party to this case, notwithstanding its default, and is considered in the determination of diversity. See Marine Midland Bank v. Bravo, No. 00-369, 2000 WL 175132, *3 (E.D.Pa. Feb. 14, 2000) (citing Brooks v. Clark, 199 U.S. 502, 511-13 (1886) (party subject to default judgment in removed action remains a party and his citizenship remains pertinent in establishing diversity jurisdiction). Because the

State has no citizenship, diversity of citizenship did not exist at the time the action was commenced or at the time of its removal.  See Johnson, 724 F.3d at 346.  Hence, there is no diversity jurisdiction now.

The Borrowers' argument that the State is a nominal defendant because its tax lien will likely be satisfied prior to the disposition of the remand motion is without merit.  The State has a real interest in the foreclosure action.  A title search revealed the State holds a lien on the property.  A foreclosure will impact the State's lien interest.  Practically speaking, failure to include the State as a party would impede its ability to recover on the lien.  That the lien may be satisfied by the time this motion is decided is irrelevant.  See Kaufman v. Allstate New Jersey Ins. Co., 561 F.3d 144, 152 (3d Cir. 2009) (diversity jurisdiction is determined at the time the case is brought and cannot be ousted by subsequent events).

Lastly, the Borrowers' contention that their FDCPA counterclaim confers federal question jurisdiction is likewise without merit.  A federal question appearing in a counterclaim cannot establish federal question jurisdiction.  See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 830-32 (2002) (counterclaim which appears as part of the defendant's answer cannot serve as the basis for federal question jurisdiction).  Given that there is no federal question on the face of the complaint, the Court lacks subject matter jurisdiction here.

Borrowers have failed to satisfy their burden of showing that this removed case is properly before the Court.[5]

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion to remand be **granted**.

                                                                          s/Mark Falk
                                                                          **MARK FALK**
                                                                          **United States Magistrate Judge**

**Dated: March 27, 2015**

---

[5] 28 U.S.C. § 1447(c) provides, in relevant part, that an "order remanding the case may require the payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." The Supreme Court has explained that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Here, Plaintiff makes a passing claim for fees and costs stating that removal was designed only to interfere with and further delay the foreclosure. It appears that the removal was improvident. However, fees and costs are a discretionary matter. Based on the record presented, the Court is unable to conclude that the removal was made solely for the purpose of delay. Therefore, the Court declines to recommend an award of costs and fees.