UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| U.S. BANK, N.A., as Trustee for RASC SERIES 2005 EMX4 TRUST,<br><br>      Plaintiff,<br><br>v.<br><br>PAUL VERITY, et al.<br><br>      Defendants.<br><br>PAUL VERITY,<br><br>      Plaintiff,<br><br>v.<br><br>U.S. BANK, N.A. as Trustee for RASC SERIES 2005 EMX4 TRUST, WELLS FARGO BANK, N.A. dba AMERICA'S SERVICING COMPANY,<br><br>      Counter-Defendants. | Civ. No. 14-2513 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Plaintiff U.S. Bank, N.A. as Trustee for RASC Series 2005 EMX4 Trust ("U.S. Bank") seeks to foreclose on a home owned by Defendants Paul and Jennifer Verity (collectively, "the Veritys"). U.S. Bank has also named the State of New Jersey and Midland Funding, LLC as defendants because both of those parties may possess liens or other claims on the property by virtue of having previously obtained state court judgments against the Veritys. U.S. Bank filed this action in state court, but the Veritys filed a notice of removal asserting the existence of diversity jurisdiction. In response, U.S. Bank filed a motion to remand.

1

This matter comes before the Court on a Report and Recommendation ("the R&R") issued by U.S. Magistrate Judge Mark Falk concerning U.S. Bank's remand motion. The R&R recommends that the undersigned remand the matter for lack of subject-matter jurisdiction because there is not complete diversity of citizenship between the parties. Specifically, Judge Falk concluded that New Jersey is a non-citizen for diversity purposes, and the presence of a party without citizenship will destroy complete diversity. The parties were notified that they had fourteen (14) days to submit objections and responses to the R&R pursuant to Local Civil Rule 72.1(c)(2), and the Veritys availed themselves of that opportunity.

After conducting a *de novo* review of the R&R and considering the Veritys' objections, this Court will adopt the R&R as the Opinion of the Court and will issue an order remanding this action to state court. Even though the Court adopts the R&R in full, it will address the Veritys' objections.

The first objection is that because New Jersey obtained a tax lien against the Veritys when they were subject to a chapter 13 bankruptcy proceeding, the lien violates the automatic stay provision of the Bankruptcy Code, *See* 28 U.S.C. § 362, and is therefore "void *ab initio*." The Veritys proceed to argue that because New Jersey's tax lien is void, U.S. Bank fraudulently joined them as a defendant to this action, and the presence of a fraudulently joined party cannot destroy complete diversity.

The Court rejects this argument. "The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Brisco*, 448 F.3d 201, 215-16 (3d Cir. 2006) (citations omitted). Joinder is fraudulent where there is no reasonable basis supporting the claim against the non-diverse defendant, or where the claims against the non-diverse defendant are made in bad faith. *Id.* (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-52 (3d Cir. 1992)). It is true that where a plaintiff's claims against a defendant would violate an automatic stay, those claims must be regarded as fraudulent because there is no reasonable basis to believe that the claims can move forward. *See Brown v. Jevic*, 575 F.3d 322, 327 (3d Cir. 2009). However, this case is readily distinguishable from *Jevic* because none of U.S. Bank's (*i.e.*, Plaintiff's) claims would violate an automatic stay. *See Kallman v. Aronchick*, 981 F.Supp.2d 372, 380 (E.D.Pa. 2013) (fraudulent joinder analysis focuses on the substance of plaintiff's claims). The Veritys have cited no authority indicating that fraudulent joinder can be premised on the viability of one co-defendant's claims against another co-defendant in a completely separate proceeding. Moreover, the once-existent automatic stay does not change the fact that New Jersey asserted an interest in the Veritys' assets and then obtained a judgment in its favor. Therefore, there is a reasonable basis supporting U.S. Bank's claims against New Jersey and joinder is not fraudulent.

The Veritys' other objections are without merit. First, the Veritys argue that "removal of a state's claim" is not warranted because New Jersey has waived any

2

sovereign immunity objections it may have once had.  This argument is difficult to follow, however it fails because New Jersey has not asserted any claims in this action.  Second, the Veritys argue for rejection of the R&R because they plan to assert a federal claim against Wells Fargo Bank.  As Judge Falk already noted in the R&R, "[a] federal question appearing in a counterclaim cannot establish federal question jurisdiction." R&R at 6 (citing *Holmes Group, Inc. v. Vornado Air Circulation Systems*, Inc., 535 U.S. 826, 830-32 (2002)).  It is therefore plainly evident that the Court cannot find federal question jurisdiction based on a hypothetical federal claim that the Veritys may file in a separate action.  The Court rejects the Veritys' objections and adopts the R&R as its own opinion.

U.S. Bank has also requested that the Court award it attorney's fees and costs.  Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The decision of whether to award fees and costs lies in the Court's discretion. *See Siebert v. Norwest Bank Mn.,* 166 Fed. Appx. 603, 606-07 (3d Cir. 2006).  Moreover, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).  The Veritys' novel argument concerning the validity of New Jersey's lien and its relevance to the fraudulent joinder analysis is, in this Court's opinion, incorrect.  That said, the Veritys' did not lack an objectively reasonable basis for asserting their theory, and courts should not employ § 1447(c) in a manner that would deter parties from making creative arguments.

For the foregoing reasons, the R&R is adopted as the opinion of the Court and U.S. Bank's motion to remand is **GRANTED**.  U.S. Bank's request for attorney's fees is **DENIED**.  An appropriate order accompanies this decision.

       /s/ William J. Martini
    **WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 20, 2015**

cc:    The Hon. Mark Falk, U.S.M.J.